### CAHOON et al. v. THOMAS. (No. 7080.) *

(Court of Civil Appeals of Texas. San Antonio. Jan. 23, 1924. Rehearing Denied Feb. 21, 1924.)

1. Contracts ⚫346(15)—Contract offered in evidence held not at variance with that pleaded.

A contract offered in evidence, signed by two parties, and containing the letters "ag't" after the name of one of the parties is not at variance with a contract pleaded as signed by the two parties.

2. Sales ⚫50—Demand for list of property delivered for sale by defendant held too late.

Under a contract providing for the delivery of property to defendants for sale, which provided that a list of the property should be attached, it is too late after the property has been handled and disposed of to demand such a list.

3. Sales ⚫168½(4)—Property delivered for sale as whole cannot be tendered back because of nonsale except as a whole.

Under a contract providing for the delivery of furniture to be sold "as a complete set and not as separate pieces or sections," a tender back of the property because of nonsale could not be made except as a whole.

Appeal from District Court, Bexar County; R. B. Minor, Judge.

Suit by E. D. Thomas against R. H. Cahoon and others. Judgment for plaintiff, and defendants appeal. Affirmed.

Norton & Brown, of San Antonio, for appellants.
Guinn & McNeill, of San Antonio, for appellee.

---

⚫For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction April 16, 1924.

FLY, C. J. This is a suit by appellee against R. H. Cahoon, G. H. Cahoon, and the Texas Sales Company, to recover the sum of $1,240, alleged to be due on certain furniture delivered by appellee to appellants, to be sold by them and $1,240 paid to appellee, any sum obtained in excess of that amount to be used to defray all expenses connected with the sale. It was further alleged that if the furniture was not sold as a set for the sum specified it should be returned to appellee at any time it was demanded by him. It was alleged that other articles were delivered on the same terms to appellants, amounting in value to $605.85. A breach of the contract was alleged. The cause was submitted to a jury on special issues, and on the answers judgment was rendered in favor of appellee for $1,947.

In answer to the issues presented to them, the jury responded that the contract was not abrogated after its execution, as alleged by appellants; that appellee did not ratify the sale by appellants of two showcases at $80 each, or the sale of two wall cases at $125 each; that a reasonable charge for drayage of the property was $24; that appellee delivered to appellants the property described in the petition and valued at $605.85; and that it was of the reasonable value in 1919 of $357. Upon these answers the court rendered a judgment in favor of appellee for $1,597 principal, with interest at the rate of 6 per cent. per annum from August 23, 1919, the interest amounting to $350—principal and interest amounting to $1,947. The principal was obtained by adding the value of the set of furniture, which was shown to be $1,240, to the amount of $357, found by the jury to be the value of the other property.

The following contract was signed by the parties:

"San Antonio, Texas, March 5, 1918.

"Witness the following agreement between E. D. Thomas and R. H. and G. H. Cahoon, all parties of San Antonio, Bexar county, Texas: The said Cahoons receive of said Thomas, for sale only, four (4) wall cases at $125.00 each, two (2) wall cases, $250.00 each, three (3) showcases at $80.00 each, the said cases to be sold as a complete set and not as separate pieces or in sections. In event of sale the said Thomas is to receive in cash the amounts as stated above, net, free of all storage, insurance, transferage or movage or any expenses of any nature or kind and is to be indemnified against any loss or damage resulting to said cases while in the hands of said Cahoons or firm to which they are parties, and are to remain in the possession of them until sold or returned to said Thomas. All of said cases are to be returned to said Thomas on demand, but then and in the event of returning said cases to him he, the said Thomas, is to repay us, the said Cahoons, the amount they have actually paid in moving said cases from the store located at 239 West Commerce street to their store or stores located immediately west of the Frost National Bank and adjoining it on the rear.

"Any other articles placed with the said Cahoons is to be governed by the conditions and agreements herein before set forth and a list of same is to be hereto attached and is to constitute a part of this agreement.

"Witness our hands this the 5th day of March, A. D. 1918."

[1] The eleven points of error presented by appellants are based on assertions that the evidence did not sustain the answers of the jury, and are all overruled for the reason that we think there is sufficient evidence to sustain the verdict and judgment. There was no substantial variance between a contract pleaded as signed by R. H. Cahoon and G. H. Cahoon and one offered in evidence, which had the letters "ag't" after the name of G. H. Cahoon. The difference in the initial W. and G. was not attacked or the contract objected to on that ground, and it is a trivial and immaterial matter. The two Cahoons signed the contract and did not interpose any plea of non est factum, but fully recognized it as their act. The contract was not set aside by an oral contract.

The jury had ample testimony upon which to have based a much larger sum than $357 as the value of the property other than the furniture. Appellant has no ground for complaint at the sum found by the jury.

[2, 3] The third, fourth, fifth, sixth, and seventh points are utterly without merit and are overruled. Appellants signed the contract without having a list of the property attached, and it is too late, after they handled the property and disposed of most of it, to demand a list. No question of storage or repairs could arise under the terms of the contract. The contract provided for appellee being paid in cash the value placed on the property, "free of all storage, insurance, transferage, or movage, or any expenses of any nature or kind." No provision is made in the contract for any expenses unless the property was returned to appellee. It was not returned. There was not and could not have been any tender of the goods, because a part of them had been sold. Appellants had bound themselves to sell the furniture "as a complete set and not as separate pieces or sections," and there could have been no tender of the property unless the whole had been tendered.

The evidence is ample to sustain the judgment, and it will be affirmed.